THE STATE OF OHIO, APPELLANT, *v.* ROBBINS, APPELLEE.

(No. CA85-03-006—Decided November 18, 1985.)

*James L. Flannery,* prosecuting attorney, and *Michael E. Powell,* for appellant.

*Rion, Rion & Rion Co., L.P.A.,* and *James P. Rion,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Warren County.

Defendant-appellee, Sammie Rocky Robbins, was indicted for the commission of several crimes, one of which was complicity to felonious assault. Robbins filed a motion to dismiss the complicity to felonious assault charge upon the basis that the principal offender had been found guilty by a jury only of assault. The trial court reduced the charge in the indictment to complicity to assault. The state brings a timely appeal to this court.

The state's sole assignment of error is as follows:

"The trial court erred to the prejudice of the plaintiff-appellee [*sic*] in

reducing the charge of complicity to felonious assault to complicity to assault."

The state argues that "complicity is a substantive offense which is independent of the offense with which the principle [sic] offender is charged and, therefore, a complicitor may be tried and convicted without regard to this disposition of the charge against the principle [sic] offender."

The Ohio Supreme Court in *Goins* v. *State* (1889), 46 Ohio St. 457, held that an aider and abettor can be placed on trial for a higher degree of the offense than that for which the principal has been convicted. Cf. *State* v. *Morgan* (Dec. 30, 1982), Warren App. No. CA94, unreported (an aider and abettor can be convicted of the more serious offense when the principal has pleaded guilty to a lesser included offense). Since the Supreme Court's decision in *Goins,* we cannot find any Ohio Supreme Court case that has overruled *Goins* or the rationale set forth therein.

The aider and abettor statute in *Goins,* R.S. 6804,[1] and the case law decided thereunder, are substantially similar to the present-day aider and abettor statute, R.C. 2923.03(A), and the case law decided thereunder. R.C. 2923.03(A) is simply a codification of the case law regarding aiding and abetting. *State* v. *Lockett* (1976), 49 Ohio St. 2d 48 [3 O.O.3d 27], reversed on other grounds (1978), 438 U.S. 586. See, also, Committee Comment to R.C. 2923.03.

We conclude that the holding and rationale in *Goins* are applicable to the case at bar and binding upon us. Therefore, the trial court erred in reducing the complicity to felonious assault charge to complicity to assault.

Appellee relies upon *State* v. *Cartellone* (1981), 3 Ohio App. 3d 145, in which the court held that where the principal and the aider and abettor are each charged with three counts of felonious assault and the principal can only be convicted of one count of felonious assault, the aider and abettor can only be convicted of one count of felonious assault. In *Cartellone,* the principal and the aider and abettor were tried together and the court held that there was insufficient evidence of separate animus to sustain the conviction of the principal on two of the felonious assault counts. Therefore, the aider and abettor could only be convicted of one count of felonious assault. *Cartellone* is not applicable to the case at bar because the case at bar does not involve a different number of counts of felonious assault, separate animus, or the aider and abettor and the principal being tried together.

Accordingly, appellant's sole assignment of error is sustained.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed and cause remanded.*

KOEHLER, P.J., JONES and CASTLE, JJ., concur.

CASTLE, J., retired, of the Twelfth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.

---

[1] R.S. 6804 provided that "Whoever aids, abets, or procures another to commit any offense, may be prosecuted and punished as if he were the principal offender. * * *"